MOLLIE A. DARLING, Respondent, v. JAMES F. DARLING, Appellant.

**Kansas City Court of Appeals, May 18, 1914.**

DIVORCE: Infection by Husband to Wife: Evidence. If the wife, a woman of good character, has the gonorrhea, and her husband has been accused by a former wife of having that disease and did not deny it; and he had an operation by surgeons for a swelling in the left groin, which is generally caused by tuberculosis, gonorrhea or syphilis, a conclusion that the husband infected her is jutifiable notwithstanding the physicians testified they did not discover any sign of gonorrhea in the husband.

Appeal from Jackson Circuit Court.—*Hon. G. W. Stubbs,* Special Judge.

AFFIRMED.

*George W. Day* for appellant.

(1) The fact that the wife has contracted a venereal disease, and that she has a good character, will not justify the conclusion that she contracted the disease from her husband. Goodman v. Goodman, 80 Mo. App. 274; Glenn v. Glenn, 87 Mo. App. 377; Holthoeffer v. Holthoeffer, 47 Mich. 260; Homburger v. Homburger, 46 How. Pr. (N. Y.) 346; Ferguson v. Ferguson, 1 Barb. Ch. (N. Y.) 604; Mount v. Mount, 15 N. J. Eq. 162; Auld v. Auld, 16 N. Y. Sup. 803; Moore v. Moore, 135 N. Y. Sup. 425; 9 Am. & Eng. Ency. Law

(2 Ed.), 758; 14 Cyc. 610 and 699, note 12.    (2) In a proceeding for divorce, the appellate court is not bound by the findings of the trial court, but, can, and must, examine the evidence and decide for itself whether the proper conclusion has been reached.    Allfree v. Allfree, 162 S. W. 650.

*Landry Harwood* for respondent.

ELLISON, P. J.—Plaintiff's action is for divorce. Defendant filed a cross-bill. The trial court dismissed the latter and rendered judgment for plaintiff.

The charge in the petition is based on indignities in that defendant had communicated to plaintiff the gonorrhea from which she suffered greatly for a long space of time. There were other charges and the trial started out so as to include a controversy over some property rights and also as to some threats. But the court properly ruled that the only matter stated which would justify a divorce was in regard to the loathsome disease mentioned.

We have examined the evidence and agree with the trial court that it shows the disease with which plaintiff was afflicted was communicated to her by defendant. She was a widow about forty-two years of age when she married defendant and he had been married twice before, each time divorced. In the petition against him in his second divorce one of the charges was that he was afflicted with gonorrhea and he made no appearance to the action. The evidence showed that plaintiff's character was good. On the other hand there was evidence showing he had been in a hospital under the care of physicians who operated on him for an affliction or swelling in the left groin. They testified in his behalf that they discovered no sign of gonorrhea or syphilis, though they admitted that his condition indicated tuberculosis gonorrhea or syphilis. It is agreed that plaintiff was afflicted with the disease

and we think the suggestion that she must have caught it from some innocent source, not connected with defendant, is not reasonable.

While in divorce proceedings the appellate court is not bound by the conclusion of the trial court, yet the rule is to defer much to its finding on the facts. We think the judgment should be affirmed. All concur.